UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRACEY BARBERO, *individually and on behalf of all others similarly situated*,

                              Plaintiff,

-against-

TRANSWORLD SYSTEMS, INC.

                              Defendant.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
20-CV-506 (SJF)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint dated January 29, 2020, Plaintiff Tracey Barbero ("Plaintiff" or "Barbero") commenced this action against Defendant Transworld Systems, Inc. ("Defendant" or "Transworld"), alleging violations of sections 1692g(a)(1), 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court, on referral from the Honorable Sandra J. Feuerstein for report and recommendation, is Defendant's Motion for Summary Judgment ("Defendant's Motion" or "Def.'s Mot."), DE [16], pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the reasons set forth herein, the Court respectfully recommends that Defendant's Motion be denied in its entirety.

1

I.  BACKGROUND

   A. **Relevant Facts**

The following facts are taken from the parties' pleadings, declarations, exhibits and respective Local Rule 56.1 statements. Except where indicated, these facts are not in dispute.

According to the pleadings, Plaintiff is an individual who is a citizen of New York residing in Suffolk County, and a "consumer" as defined by § 1692a(3) of the FDCPA. Compl. ¶¶ 1, 3. Defendant is a Pennsylvania Corporation with a principal place of business in Montgomery County, Pennsylvania. Compl. ¶ 8; Defendant's Answer to Complaint ("Ans."), DE [6], ¶ 8. Transworld regularly engages in the collection of debts allegedly owed by consumers, *see* Compl. ¶ 10; Ans. ¶ 10, and, according to Barbero, is a "debt collector" as defined by § 1692a(6) of the FDCPA. Compl. ¶ 13.

On September 25, 2018 and September 26, 2018, Stony Brook Orthopedic Associates, P.C. ("SBOA") provided medical services to Plaintiff's then-minor son. Defendant's Statement of Uncontroverted Material Facts In Support of Motion for Summary Judgment ("Def.'s 56.1"), DE [16-2], ¶ 2; Plaintiff's Response to Defendant's Statement of Material Facts Pursuant to Local Civil Rule 56.1(b) ("Pl.'s 56.1 Resp."), DE [16-8], ¶ 2. As a result of, and in connection with, the services rendered to her son, Barbero was obligated to pay the sum of $50.00 (the "Debt") to SBOA. *See* Declaration of Tracey Barbero in Opposition to Defendant's Motion for Summary Judgment ("Barbero Decl."), DE [16-9], ¶ 4. SBOA assigned the accounts for the

2

services rendered on September 25 and 26, 2018 (there were separate accounts for each day) (the "Accounts") to Transworld.  *See* Def.'s 56.1, ¶¶ 3, 5.  At the time of the assignment, a total of $50.00 was still due on the Accounts.  *See id.* at ¶ 4.

The parties disagree about when payment was made.  According to Plaintiff, she paid the Debt to SBOA prior to January 27, 2019.  *See* Barbero Decl., ¶ 5.  According to Defendant, no payments were made until March 11, 2019.  *See* Declaration of Sue Behrens[1] ("Behrens Decl."), DE [16-3], ¶ 9.  This discrepancy is significant because on January 27, 2019, Transworld mailed Barbero a notice, *see* Barbero Debt Collection Notice ("the Notice"), DE [1-1] (attached to Complaint), informing her that she still owed the Debt to SBOA.  *See* Declaration of Erik Podbutzky[2] ("Podbutzky Decl."), DE [16-4], ¶ 5.

The Notice bore a return letterhead of "TRANSWORLD SYSTEMS, INC. COLLECTION AGENCY," and included the following statements:  (i) "This account has been placed with our agency for professional collection"; (ii) "Please be advised that we have been authorized to pursue collection and are committed to make efforts as are necessary and proper to effect collection"; (iii) "Send correspondence, other than payment, to this collection agency"; and (iv) "This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector."  *See* Barbero Debt Collection Notice.  The Notice further

---

[1] According to her declaration, Behrens is the "Collection Supervisor for Stony Brook Orthopaedic [*sic*] Association, P.C." Behrens Decl., ¶ 2.

[2] According to his declaration, Podbutzky is the "Regulatory Compliance Manager for Transworld Systems, Inc." Podbutzky Decl., ¶ 2.

3

instructed Plaintiff to contact "Jamie Allen at Transworld Systems, Inc." *Id.* Based on the above, Plaintiff claims that Transworld violated her rights under the FDCPA by sending her a debt collection notice for money she did not owe at the time the letter was sent.

### B. Procedural History

Based on the above, Barbero commenced this action against Transworld on January 29, 2020. *See* Compl. The Complaint, styled as a class action, seeks to assert claims on behalf of, "[a]ll consumers to whom Defendant sent a collection letter substantially and materially similar to the [Notice] sent to Plaintiff, which…was sent on or after a date one year prior to the filing of this action to the present." *See* Compl., ¶ 104. The Complaint alleges that Transworld, in sending the Notice to Barbero, and "substantially and materially similar" notices to individuals similarly situated to Plaintiff, violated multiple sections of the FDCPA. *See* Compl. at 10-11. Through the Complaint, Plaintiff seeks: (1) class certification; (2) appointment of Barbero as "Class Representative" and Plaintiff's attorneys as "Class Counsel"; (3) a finding that Defendant's actions "violate[d] the FDCPA; (4) a grant of damages against Transworld pursuant to § 1692k of the FDCPA; (5) a grant of Plaintiff's attorneys' fees pursuant to § 1692k of the FDCPA; and (6) a grant of Plaintiff's costs. *See id.* at 11-12.

Defendant filed its Answer to the Complaint on February 20, 2020, *see* DE [6], and filed its Motion for Summary Judgment on July 8, 2020. *See* Def.'s Mot. Transworld's Motion rests on two main arguments: (1) Barbero's claims are time-

4

barred by the FDCPA's 1-year statute of limitations; and (2) Defendant's sending of the Notice to Plaintiff was permissible under the FDCPA because Barbero allegedly still owed the Debt to SBOA at the time Transworld sent the Notice. *See* Defendant's Memorandum of Law in Support of its Motion for Summary Judgment ("Def.'s Mem."), DE [16-1], at 1-2. On July 9, 2020, Judge Feuerstein referred Defendant's Motion to this Court for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Defendant's Motion be denied.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing that there are no issues of material fact such that summary judgment is appropriate. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004). In deciding a motion for summary judgment, the Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party").

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see also Artis v. Valls*, No. 9:10-cv-427, 2012 WL 4380921, at *6, n. 10 (N.D.N.Y. Sept. 25, 2012) ("It is well established that issues of credibility are almost never to be resolved by a court on a motion for summary judgment").

### III.   FAIR DEBT COLLECTION PRACTICES ACT STANDARDS

The FDCPA prohibits deceptive practices by debt collectors. *See Llewellyn v. Asset Acceptance, LLC*, 669 Fed. App'x 66, 67 (2d Cir. 2016) (summary order) ("The FDCPA . . . prohibit[s] deceptive debt collection and reporting practices."). In order to establish a claim under the FDCPA, a plaintiff must show that: (1) the plaintiff is a "consumer" within the meaning of the Act; (2) the defendant is a "debt collector";

6

and (3) the defendant must have engaged in conduct in violation of the statute. *Katz v. Sharinn & Lipshie, PC,* 12-cv-2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sept. 11, 2013). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

As relevant here, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In addition, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Such prohibited misrepresentations include, but are not limited to, "false representation[s] of the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). Finally, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

A civil action to enforce provisions of the FDCPA may be brought in any appropriate United States district court within one year from the date on which the violation occurs. *Id.* § 1692k(e). The statute of limitations is designed to "protect defendants by ensuring that the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA." *Padilla v. Payco Gen. Am. Credits, Inc.,* 161 F. Supp. 2d 264, 273 (S.D.N.Y. 2001). Under the statute, a

7

successful plaintiff is entitled to actual damages, plus the costs of the enforcement action and reasonable attorneys' fees. 15 U.S.C. § 1692(a)(1), (3).

## IV. DISCUSSION

Defendant's argument in favor of summary judgment is two-pronged: (1) Barbero's claims are time-barred by the FDCPA's 1-year statute of limitations; and (2) despite the Complaint's allegations to the contrary, Plaintiff still owed the Debt to SBOA at the time Defendant sent the Notice to Plaintiff, rendering the Notice non-violative under the FDCPA. *See* Def.'s Mem. at 1-2. Applying the standards outlined above, and for the reasons set forth below, the Court respectfully recommends denying Defendant's Motion in its entirety.

### A. **Whether Plaintiff's FDCPA Claims are Time-Barred**

An FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Transworld argues, without adequate support, that the one-year statute of limitations began to run on January 27, 2019 – the date Transworld *sent* Barbero the Notice, not the (currently unknown) date she *received* the letter, and because the Complaint was not filed until January 29, 2020, one year and two days later, Barbero's claims are time-barred. Def.'s Mem. at 3-4. In support of its argument, Defendant claims that FDCPA §§ 1692e and 1692g, "focus on the conduct of the debt collector, not the consumer's response." Def.'s Mem. at 4. Transworld asks the Court to interpret these sections to mean that the "conduct" occurred on January 27, 2019 – the date that Defendant sent Barbero the Notice. *Id.*

8

In support of its position, Defendant cites multiple cases from within and outside the Second Circuit. Upon further review of the cited case law, however, the majority of the cases cited either do not buttress Transworld's argument, *see Schuh v. Druckman & Sinel, LLP*, 602 F.Supp.2d 454, 466 (S.D.N.Y.2009) (concluding that, despite Defendants' citations to case law, "the allegations of the complaint do not show that plaintiffs' claim is untimely"), have been criticized by subsequent Second Circuit case law, *see Benzemann v. Citibank N.A.*, 806 F.3d 98, 103 (2d Cir. 2015) (criticizing the rulings in *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995) and *Mattson v. U.S. West Commc'ns, Inc.*, 967 F.2d 259 (8th Cir. 1992)), or are factually distinguishable. *See Wright v. Zabarkes*, 347 F. App'x 670, 671 (2d Cir. 2009) (dismissing a plaintiff's action because it was not commenced until **seventeen** months after the allegedly improper communication) (emphasis added).

Neither the Supreme Court nor the Second Circuit has explicitly ruled on the issue at hand. An informative Second Circuit ruling, however, *Benzemann v. Citibank N.A.*, 806 F.3d 98, 103 (2d Cir. 2015), concluded that a consumer's FDCPA claim only accrued at the point where the consumer felt the effect of the restraining notice placed on his bank account by the debt collector, *not* when the debt collector sent the initial restraining notice. *See Benzemann,* 806 F.3d at 103 (concluding that, "the FDCPA violation here did not 'occur' until Citibank froze Benzemann's account because it was only then that he had a complete cause of action and notice of the FDCPA violation.").

Consistent with *Benzemann*, the Court finds Judge Azrack's ruling (as well as the Report and Recommendation of Magistrate Judge Tomlinson, upon which Judge Azrack relied) in *Brewi v. RMS - Recovery Mgmt. Servs.*, Inc., No. 18-cv-3966, 2020 WL 746650 (E.D.N.Y. Feb. 14, 2020), which has addressed the issue at hand, to be persuasive. Acknowledging that, "the Second Circuit has not yet spoken on the issue of whether an FDCPA violation occurs at the time a debt collector sends a letter to a debtor or whether it occurs when the debtor receives the communication," *see* Report and Recommendation of United States Magistrate Judge A. Kathleen Tomlinson, No. 18-cv-3966, 2020 WL 1866472, at *5 (E.D.N.Y. Jan. 13, 2020) (citing *Gil v. Allied Interstate, LLC*, No. 217-cv-3362, 2017 WL 5135600, at *3 (E.D.N.Y. Nov. 3, 2017)), Judge Tomlinson found, "[a] number of district courts in this Circuit have considered this matter and held that the one-year statute of limitations for an FDCPA violation begins to run on the date that the consumer receives the 'allegedly unlawful communication.'" *Id.* (citing *Donchatz v. HSBC Bank USA, N.A.*, No. 14-cv-194, 2015 WL 860760, at *9 (W.D.N.Y. Feb. 27, 2015)) (internal citations omitted); *Seabrook v. Onondaga Bureau of Med. Econ., Inc.*, 705 F. Supp. 81, 83 (N.D.N.Y. 1989) (noting that it was "more likely" that the statute of limitations would begin to run "on the date the debtor received the communication which supposedly violated the FDCPA"); *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) ("While a question may exist as to whether the cause of action accrues on the date upon which the allegedly unlawful communication is sent or received, there is no question that the latest date upon which the one year period begins to run is the date when a

10

plaintiff receives an allegedly unlawful communication." (internal citations omitted)). Judge Tomlinson thus declined to recommend that Brewi's FDCPA claims be dismissed as time-barred for two reasons: (1) neither party provided the date on which Brewi received his debt collection notice; and (2) the defendant omitted information regarding its regular office practice and procedure, thereby preventing the court from ascertaining the date on which the notice was sent or received. *See id.* at 10-11.

In adopting Judge Tomlinson's Report and Recommendation, Judge Azrack noted similarly that "many district courts in this Circuit, held that the limitations period begins to run on the date the debtor receives the communication." *Brewi*, 2020 WL 746650, at *2. Accordingly, the Court finds *Brewi* and the cases cited therein to be persuasive, and concludes that the statute of limitations begins to run on the date that Plaintiff received the letter, *not* on the date of Defendant's claimed mailing thereof.

Applying *Brewi*, the Court concludes that summary judgment is inappropriate. While Transworld claims that the Notice was *mailed* on January 27, 2019 (a Sunday), *see* Podbutzky Decl., ¶ 5, Defendant does not specify when Barbero received the Notice. Without further evidence, the Court cannot ascertain when the statute of limitations began to run. Accordingly, the Court recommends that the first prong of Defendant's motion for summary judgment be denied.

In reaching its conclusion, the Court concludes, as did Judge Azrack in *Brewi*, that the Supreme Court's decision in *Rotkiske v. Klemm*, 589 U.S. __, 140 S. Ct. 355

(2019), does not apply. The plaintiff in *Rotkiske* asked the Court to apply a "general discovery rule"[3] to all FDCPA claims in order to calculate the point at which the statute of limitations would begin to run. *Rotkiske*, 140 S. Ct. at 360. The Supreme Court declined to read the statute so broadly, holding that such an "expansive approach to the discovery rule is a 'bad wine of recent vintage.'" *Id.* (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment)). While the Supreme Court decided not to apply a general discovery rule to all FDCPA claims, the Court *did not*, as Transworld claims, create a blanket rule governing statutes of limitations under the FDCPA. *See* Def.'s Mem. at 5-6. The Court only held that reading a general discovery rule into the FDCPA would "second guess Congress' decision" to omit such a provision. *Rotkiske*, 140 S. Ct. at 361. Accordingly, it would be inappropriate for the Court to rely on *Rotkiske* for the purpose advanced by Defendant.

### B. Timing of Plaintiff's Payment of the Debt

Transworld argues in the alternative, that even if Plaintiff's claims were timely, summary judgment is still appropriate because Barbero allegedly still owed the Debt to SBOA at the time Defendant sent the Notice to Plaintiff, meaning the Notice did not violate the FDCPA. *See* Def.'s Mem. at 1-2. This argument fails, however, because an issue of material fact exists regarding the timing of Barbero's payment of the debt. Defendant claims that "the evidence proves" that Plaintiff did

---

[3] A "general discovery rule" would, "allow a claim to accrue when the litigant first knows or with due diligence should know facts that will form the basis for an action." *See Merck & Co., Inc. v. Reynolds,* 559 U.S. 663, 646 (2010).

not pay the Debt until March 11, 2019. Def.'s Mem. at 6; Def.'s 56.1, ¶ 6-8. In support, Transworld relies on its Rule 56.1 Statement, and the declaration of Sue Behrens, SBOA's Collection Supervisor, attached thereto. In her declaration, Behrens claims, "[a]s of January 27, 2019, Barbero had not made a payment towards the $50.00 due on the accounts," and that, "Barbero did not make any payments towards the $50 balance [owed] on the Accounts until March 11, 2019." Behrens Decl., ¶ 8-9. Transworld is directly contradicted, however, by Plaintiff's Declaration and Plaintiff's Rule 56.1 Statement, which aver that Barbero paid the Debt to SBOA "prior to January 27, 2019." Barbero Decl., ¶ 5.

This conflict between the parties' contentions highlights a critical issue of material fact, which may only be resolved at trial. Accordingly, the Court recommends that the second prong of Defendant's Motion be rejected and summary judgment be denied.

## V.  CONCLUSION

For the reasons set for above, the Court respectfully recommends that Defendant's Motion be denied in its entirety.

## VI.  OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer*

*v. Woliver*, 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:	Central Islip, New York
	January 13, 2021		/s/ Steven I. Locke
				STEVEN I. LOCKE
				United States Magistrate Judge

14