UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRACEY BARBERO, *individually and on behalf of others similarly situated,*

                      Plaintiff,

              -against-

TRANSWORLD SYSTEMS INC.,

                      Defendant.
-----------------------------------------------------------------X

ORDER AND OPINION
20-cv-506 (SJF)(SIL)

FEUERSTEIN, District Judge:

       Plaintiff Tracey Barbero ("Plaintiff") commenced this action, individually and on behalf of others similarly situated, against defendant Transworld Systems, Inc. ("Defendant"), alleging, *inter alia*, numerous causes of action under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. On July 8, 2020, Defendant filed a motion for summary judgment ("Motion") as to Plaintiff's claims. (Docket Entry ("DE") 16.) Pending before the Court are Defendant's objections to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated January 13, 2021 (the "Report"), recommending, *inter alia*, that the Court deny Defendant's Motion. (DE 18.) For the reasons set forth below, the Report is adopted in its entirety.

      **I.   STANDARD OF REVIEW**

       This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties may also serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has

been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).  The Court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *See Schoolfield v. Dep't of Corr.*, No. 91-cv-691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which the complaint was grounded, are conclusory and do not form specific basis for not adopting a report and recommendation).

General objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review[.]" *Owusu v. N.Y.S. Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted).  Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error.  *Id*; *see also Trivedi v. N.Y.S. Unified C*T *Sys. Office of C*T *Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of C*T *Admin.*, 582 F. App'x 47 (2d Cir. 2014).

## II. FACTUAL BACKGROUND

In September 2018, Plaintiff's son underwent treatment at Stony Brook Orthopedic Associates, P.C. which resulted in a charge of $50.00 (the "Debt") to Plaintiff.  (DE 16-2 at ¶ 2; DE 16-9 at ¶ 4.)  Defendant purchased the Debt from Stony Brook and sent a letter ("Letter") of collection of the Debt to Plaintiff on January 27, 2019.  (DE 16-3 at ¶ 9.)  The parties disagree as

to whether the Debt was paid. Plaintiff contends that the Debt was paid prior to January 27, 2019 and alleges that Defendant violated her rights under the FDCPA by sending her a bill for a debt that was paid.

### III. DEFENDANT'S OBJECTIONS TO THE REPORT

Defendant's objections to the Report fall into three categories. The Report erred in concluding that: 1) Plaintiff's FDCPA claims are timely because the statute of limitations ("SOL") for such claims run from the date a debtor receives a letter, rather than the date when a creditor sends a letter, 2) even if the SOL did not lapse, Plaintiff has shown that her claims are timely, and 3) a genuine issue of fact exists. (DE 22 at 3-4.)

"It is improper for an objecting party to attempt to relitigate" arguments made "before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments . . . ." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Brown v. Peters*, No. 95-cv-1641, 1997 WL 599355, at *2-3 (S.D.N.Y. Sept. 22, 1997) (reviewing report and recommendation for clear error where the plaintiff's objections "simply re-state [d] the relief sought and the facts on which [the plaintiff] ground[ed] his complaint and conclude[d] that the magistrate judge's conclusions [we]re wrong"). Defendant's objections to the Report are merely recycled arguments that were previously raised in the Motion and addressed by the Magistrate Judge in the Report. Accepting and reviewing objections of this kind *de novo* "would reduce the magistrate's work to something akin to a meaningless dress rehearsal[,]" which this Court refuses to do. *Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotations marks omitted). Accordingly, Defendant's objections as to the Report are reviewed for clear error.

3

The Magistrate Judge correctly identified and thoroughly analyzed the questions of law raised in the Motion and which Defendant has re-raised before this Court. As both parties concede, neither the Supreme Court nor the Second Circuit has directly addressed the issue before this Court: whether the SOL clock for FDCPA claims start to run when a notice of a debt is sent by a creditor or when the notice is received by the debtor. The Report, however, correctly relies on the holding in *Benzemann v. Citibank N.A.*, a case involving a bank freeze of the plaintiff's bank account resulting from an alleged unpaid debt. 806 F.3d 98, 100 (2d Cir. 2015). As the Second Circuit ruled in *Benzemann*, "linking the statute of limitations to the sending of the restraining notice would shorten the already limited amount of time that FDCPA plaintiffs have to file suit." *Id*. The Court instead held that the SOL ran from when the plaintiff's account was first frozen and not when the restraining notice was sent. *Id*. The FDCPA was enacted to protect consumers and it should be read liberally. *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). Thus, it seems illogical and counter to the intended purpose of the FDCPA to punish a FDCPA plaintiff by counting against them the days it took for the creditor's allegedly erroneous debt notice to reach them. The Report correctly concluded that the SOL begins to accrue at the time when the harm occurred for the debtor rather than when the debt-collector's conduct occurred.

The Magistrate Judge also properly relied on the holding in *Brewi v. RMS - Recovery Mgmt. Servs., Inc*. No. 18-cv-3966, 2020 WL 746650 (E.D.N.Y. Feb. 14, 2020) (holding that because "the record contain[ed] insufficient information to determine the date on which Plaintiff received the letter . . . the Court [could not] conclude that the purported violations regarding the [ . . .] letter are time-barred.") Like in *Brewi*, the Court cannot determine at this time if the SOL has lapsed because the parties have not provided the Court with the date that Plaintiff received the Letter.

Perhaps, if Defendant had waited to file this Motion until the parties had engaged in even a limited amount of discovery, the Court could make sure a determination as to the SOL, but it did not.[1]

Lastly, this Court agrees with the Magistrate Judge that questions of fact exist as to whether Plaintiff paid the Debt prior to receiving the Letter from Defendant and whether the Letter was in fact mailed out to Plaintiff on January 27, 2019.  (*See* DE 16-6 at 15.)

Having found no clear error on the record, the Report of United States Magistrate Judge Steven I. Locke dated January 13, 2021, is APPROVED, ADOPTED and RATIFIED by the Court in its entirety.

Accordingly,

**It is** on this **30th day** of **March 2021**,

**ORDERED** that the Report is adopted it its entirety and Defendant's objections to the Report are **OVERRULED**;

**ORDERED** that Defendant's Motion (DE 16) for Summary Judgement is **DENIED**.

**SO ORDERED**.

*/s/ Sandra J. Feuerstein*
Sandra J. Feuerstein U.S.D.J.
United States District Judge

---

[1] The Court notes that the more appropriate motion here would have been a motion for judgment on the pleadings given that the parties have not engaged in any discovery.